# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA WRIGHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KIPP REACH ACADEMY CHARTER ) <br> SCHOOL d/b/a KIPP REACH COLLEGE ) <br> COLLEGE PREPARATORY, an Oklahoma ) <br> City Public Charter School; and TRACY ) <br> MCDANIEL, individually , ) <br> ) <br> Defendants. ) | Case No. CIV-10-989-D |

## ORDER

Before the Court are the Motions to Dismiss filed by Defendant Tracy McDaniel ("McDaniel") [Doc. No. 10] and by Defendant KIPP Reach Academy Charter School d/b/a KIPP Reach College Preparatory ("KIPP") [Doc. No. 11]. Plaintiff filed a joint response to the two motions, and McDaniel and KIPP each filed reply briefs.

Plaintiff brings this action to assert federal and state claims resulting from her termination as a KIPP employee. She alleges her termination violated Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C. § 2000e *et seq*. ("Title VII") because it was motivated by race and gender discrimination as well as unlawful retaliation for asserting Title VII rights. She also alleges her termination violated the Age Discrimination in Employment Act, 29 U. S. C. § 621 *et seq.* ("ADEA"). In addition, pursuant to *Burk v. K-Mart Corporation*, 770 P. 2d 24 (Okla. 1989), she asserts a pendent state tort claim for wrongful termination in violation of Oklahoma's public policy against discrimination based on age, race, and/or gender. An additional tort claim is asserted against McDaniel only, and it alleges he misused his authority as a supervisor and acted maliciously toward Plaintiff.

According to her allegations, Plaintiff is an African American female who held the position of receptionist for KIPP, an Oklahoma City public charter school, from May of 2008 until her February 8, 2009 termination. She was 49 years old at the time of her termination. McDaniel was her supervisor throughout this time period; she alleges he made both the decision to hire her and to terminate her. Plaintiff alleges that, throughout her employment, McDaniel made improper racially derogatory comments as well as improper comments regarding her age and gender. According to Plaintiff, she complained to McDaniel and others about his comments and, thereafter, he retaliated against her. She contends his decision to terminate her was motivated by discrimination and/or retaliation.

KIPP and McDaniel deny Plaintiff's allegations, allege several affirmative defenses, and assert counterclaims against Plaintiff.[1] Their separate motions to dismiss seek dismissal of part or all claims asserted by Plaintiff.

McDaniel motion:

McDaniel seeks dismissal of Plaintiff's claims arising under Title VII, the ADEA, and *Burk*. He argues those claims, set forth in Counts I and II, fail to state a claim for relief against him because a supervisor is not liable as a matter of law for violations of Title VII, the ADEA, or *Burk*. With respect to Count III, which is asserted only against him, he argues the allegations in that Count fail to allege facts sufficient to state a plausible claim for relief because Count III does not state a claim cognizable under Oklahoma or federal law.

---

[1]Plaintiff has filed a motion to strike the affirmative defenses [Doc. No. 28]. Initially, Plaintiff also moved to dismiss the counterclaims asserted by KIPP and McDaniel [Doc. No. 27]; however, she withdrew that motion [Doc. No.33].

In response to McDaniel's motion, Plaintiff expressly concedes that she cannot state a claim for relief against him under Title VII, the ADEA, or *Burk*. According to Plaintiff, these claims were not "artfully pled" and should be withdrawn as to McDaniel. Accordingly, McDaniel's Motion to Dismiss [Doc. No. 10] is GRANTED as to Counts I and II of the Complaint.

With respect to Count III, Plaintiff argues dismissal is improper because she has alleged sufficient facts to state a claim for relief against McDaniel. In her response brief, she characterizes Count III as asserting a claim for "tortious interference with an employment relationship," and she argues she has pled facts setting out the elements of that claim under Oklahoma common law.

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

Although Plaintiff acknowledges that she must comply with the pleading requirements announced in *Twombly*, she focuses only on *Twombly's* explanation of the requirements of Fed. R. Civ. P. 8(a) rather than its requirements regarding the factual allegations necessary to avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6). As she correctly states, Rule 8(a) requires a plaintiff to plead facts sufficient to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. However, *Twombly* and subsequent decisions focus on, and further explain, the additional pleading requirements necessary to state a plausible claim for relief and avoid dismissal under Rule 12(b)(6).

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x

3

at 846 (quoting *Robbins*, 519 F. 3d at 1247.) "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U. S. at 555. Thus, plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570; *Robbins*, 519 F. 3d at 1247. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct. 1937, 1951 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.*

In the Complaint, Plaintiff expressly alleges Count III is asserted only against McDaniel individually. She then alleges:

> 28. In causing the termination of the Plaintiff Mr. McDaniel was misusing his authority, acting contrary to his duties as an employee of the Defendant and was instead serving his own personal biases and beliefs.
>
> 29. Such actions were neither lawful nor privileged nor justified.
>
> 30. Such actions of Mr. McDaniel caused the Plaintiff to be terminated.
>
> 31. As a result of Mr. McDaniel's actions, Plaintiff suffered damages as set out in Count 1.
>
> 32. Because Mr. McDaniel's actions were willful, malicious or in gross or reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages against Mr. Allen [sic] individually.

Complaint [Doc. 1] ¶¶ 28-32.

McDaniel contends these allegations are inadequate to explain the claim asserted against him, and fail to state a plausible claim for relief.

Plaintiff argues that she is not required to identify in the Complaint the "specific legal theory" underlying Count III, citing a Tenth Circuit decision issued more than fifty years ago. *See* Response, p. 11 at n. 2 (citing *New Home Appliance Center v. Thompson*, 250 F. 2d 881, 883 (10th Cir. 1957). Plaintiff's argument ignores the recent requirements in *Twombly* that Plaintiff must allege facts sufficient to provide the defendant with "fair notice of what the ...claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Count III accuses McDaniel of "misusing his authority," "acting contrary to his duties as an employee" of KIPP, and that his conduct was "malicious." Complaint, ¶¶ 28-32. These allegations appear to attempt to state a claim based on a malicious wrong; however, the Tenth Circuit Court of Appeals has held that Oklahoma does not recognize the tort of malicious wrong in an employment context. *Myers v. Knight Protective Service, Inc.,* 2011 WL 39039, at *2 (W.D. Okla. Jan. 5, 2011) (unpublished opinion) (citing *Merrick v. Northern Natural Gas Co.,* 911 F. 2d 426, 433 (10th Cir. 1990)). Accordingly, Plaintiff cannot state a claim for relief on this theory.

In her response brief, however, Plaintiff contends the Count III allegations state a claim for "tortious interference with an employment relationship." Response, p. 11. That phrase is not, however, included in Count III. As McDaniel argues in his reply, the pleading deficiencies in the Complaint cannot be cured by Plaintiff's arguments in her response brief, as the Court must "look to the allegations in the complaint to determine whether they plausibly support a claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F. 3d 1210, 1215 n. 2 (10th Cir. 2007). Count III of the Complaint in this case, as drafted, does not satisfy the "fair notice" requirements of Rule 8(a) or include sufficient allegations to state a plausible claim for relief based on tortious interference with an

5

employment relationship. Accordingly, the Court concludes McDaniel's motion must be granted as to Count III.

The Court must next consider whether Plaintiff's alternative request for leave to amend should be granted. Where a Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and the plaintiff seeks leave to amend, the Court must determine whether the pleading deficiency can be cured by amendment. *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994). In such cases, "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Id.* (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)). Leave to amend may, however, be denied under certain circumstances, including futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir.1999).

Although Oklahoma recognizes a cause of action for tortious interference with a contract, that cause of action "can arise only when one who is not a party to a contract interferes with that contract by convincing one of the contracting parties to breach its terms." *Ray v. American Nat'l Bank & Trust Co. of Sapulpa*, 894 P. 2d 1056, 1060 (Okla. 1994). Oklahoma has held that a terminated employee can pursue a claim for interference with an employment contract. *See, e.g., Martin v. Johnson*, 975 P. 2d 889 (Okla. 1998). In this case, it is not disputed that Plaintiff had no employment contract, and she was an employee at will; thus, she had no contract with which McDaniel could have interfered.

Acknowledging her employment-at-will status, Plaintiff argues she may amend Count III to assert against McDaniel a claim that he tortiously interfered with her "employment relationship" with KIPP. Oklahoma recognizes a cause of action for tortious interference with a "business relationship" or with "economic relations." *See, e.g., Waggoner v. Town & Country Mobile Homes, Inc.*, 808 P. 2d 649 (Okla. 1990); *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 932 P. 2d 1091(Okla. 1996). In *McNickle v. Phillips Petroleum Co.*, 23 P. 3d 949, 952 (Okla. Civ. App. 2001), the court found "there is nothing to suggest that the tort would not apply in cases of interference with an at-will contract of employment when the party interfering acts without privilege."

However, the foregoing decisions do not involve tortious interference based on a supervisor's alleged conduct. As a general rule, a supervisor or employee acting as an agent of the employer cannot be liable for tortious interference with the employer's contract with another. *Martin v. Johnson*, 975 P.2d 889, 896 (Okla.1998). However, there is an exception to this rule which applies if "an employee acts in bad faith and contrary to the interests of the employer." *Id.*, at 896-97. Where the alleged contract interference is based on the claim that the interfering employee engaged in unlawful discrimination, he may be liable for tortious interference because such conduct would constitute bad faith. *Eapen v. McMillan*, 196 P.3d 995, 998 (Okla.Civ.App.2008).

The Oklahoma Court of Civil Appeals has recently held that, under some circumstances, an at-will employee may state a cognizable claim for tortious interference with economic relations against her supervisor.[2] *See Fulton v. People Lease Corp.*, 241 P.3d 255 (Okla. Civ. App. 2010).

---

[2] The *Fulton* court expressly rejected claims seeking to hold the supervisor liable under Title VII and *Burk*, finding there is no individual supervisor liability under either cause of action. *Fulton*, 241 P. 3d at 261-62.

7

More specifically, the court concluded that, where a supervisor's actions are not in good faith and result in an at-will employee's termination, the employee may assert a claim against the supervisor based on tortious interference with the employee's business relations. *Id.* at 265. Relying on *Martin* and *Eapen*, the *Fulton* court reasoned that, where the supervisor acts in bad faith, he is not acting in the employer's interest in the context of the relationship at issue. *Id.*

In this case, although Plaintiff's allegations, as currently drafted, do not state a claim for relief based on McDaniel's alleged interference with her employment, she has asserted factual allegations that his conduct as her supervisor was contrary to his duties as an employee; she contends his conduct caused her termination. While the Court is not bound by the decision in *Fulton*, that decision is not inconsistent with the Oklahoma Supreme Court decision *in Martin*.[3] Thus, the Court cannot conclude at this stage of the litigation that it would be futile to permit Plaintiff to amend Count III. Accordingly, Plaintiff's request for leave to amend Count III is granted.

KIPP motion:

In its Motion, KIPP seeks dismissal of the Complaint only to the extent it asserts tort claims against KIPP. KIPP contends that dismissal of the tort claims is required because Plaintiff fails to allege that she filed a notice under the Oklahoma Governmental Tort Claims Act ("GTCA") prior to asserting the tort claims in this action. According to KIPP, because it is a charter school, it constitutes a political subdivision as defined by the GTCA. Okla. Stat. tit. 51, § 152 (10)(b); Okla. Stat tit. 70, § 30136(13). As a result, tort claims asserted against it must be preceded by the filing of a GTCA notice of claim. Because Plaintiff did not allege compliance with the GTCA as to the

---

[3]Intermediate appellate decisions are not binding on federal courts. *Teigen v. Renfrow*, 511 f. 3d 1072, 1082 (10th Cir. 2007).

tort claim asserted against it, KIPP contends the claim must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

The GTCA provides in pertinent part that a person having a claim against a political subdivision "shall present a claim to the...political subdivision for any appropriate relief including the award of money damages." Okla. Stat. tit. 51, § 156(A). Written notice to the governmental entity is a jurisdictional prerequisite to a civil action under the GTCA. *See Shanbour v. Hollingsworth*, 918 P. 2d 73, 75 (Okla. 1996). Where a plaintiff fails to plead compliance with the GTCA written notice requirements, she cannot proceed on a public policy tort claim against the political subdivision. *See Ford v. Justice Alma Wilson Seeworth Academy*, 2010 WL 545872, at *3 (W. D. Okla. Feb. 9, 2010) (unpublished opinion). In its motion, KIPP argues that, because Plaintiff did not plead such compliance in the Complaint, the tort claims asserted against KIPP must be dismissed for lack of subject matter jurisdiction.

In response, Plaintiff does not dispute that KIPP is a political subdivision as defined by the GTCA. She concedes she did not plead compliance with the GTCA written notice requirements; however, she argues that she was not required to do so because the GTCA does not apply to *Burk* claims based on the public policy established by the Oklahoma Anti-Discrimination Act ("OADA"). She further argues that requiring GTCA compliance in such cases would be unconstitutional. In the alternative, Plaintiff argues the Charge of Discrimination she filed with the Equal Employment Opportunity Commission ("EEOC") prior to filing this lawsuit is sufficient to constitute the written notice required by the GTCA. Finally, Plaintiff argues that whether the GTCA applies to a *Burk* claim brought pursuant to the OADA presents a question which should be certified to the Oklahoma Supreme Court.

9

As KIPP argues in its reply, Plaintiff's contentions have been rejected in other cases in the Western District of Oklahoma. In *Prince v. City of Oklahoma City*, 2009 WL 2929341 (W. D. Okla. Sept. 9, 2009) (unpublished opinion), the Honorable Stephen P. Friot held the GTCA notice requirements apply to *Burk* torts brought pursuant to the OADA, and the application of the GTCA in this context does not violate the Oklahoma Constitution. *Prince,* 2009 WL 2929341, at *2-3. Furthermore, Judge Friot held that an EEOC charge is not sufficient to satisfy the GTCA written notice requirements. *Id.* at * 3. Finally, Judge Friot rejected Plaintiff's request to certify the question to the Oklahoma Supreme Court whether the GTCA applies to *Burk* claims brought pursuant to the OADA. *Id.*

As Judge Friot noted in *Prince*, the Honorable Vicki Miles-LaGrange also expressly held the GTCA applies to *Burk* claims, and an EEOC charge is not sufficient to comply with the GTCA written notice requirements; she also held that application of the GTCA to a *Burk* claim is not unconstitutional. *Locke v. Grady County*, 2009 WL 1564221 (W. D. Okla. June 4, 2009) (unpublished opinion).[4]

The undersigned agrees. As Judge Friot noted in *Prince*, the Oklahoma Supreme Court has stated that "'if a claim is not a 'tort claim' under the GTCA, then the claims procedure of the GTCA need not be followed prior to commencing a legal action.'" *Prince*, 2009 WL 2929341, at * 2 (quoting *Pellegrino v. State of Oklahoma*, 63 P. 3d 535, 539 (Okla. 2003)). "In other words, the GTCA procedure applies to a 'tort claim' as such is defined by the GTCA." *Pellegrino*, 63 P. 3d at 539. That conclusion is consistent with the Oklahoma Supreme Court's earlier pronouncement that a claim alleging a violation of the OADA's prohibition against handicap discrimination is not a tort

---

[4] As KIPP correctly notes, Plaintiff's counsel in this case was also counsel for the plaintiff in both *Prince* and *Locke*.

claim subject to the GTCA, but is a statutory claim. *Duncan v. City of Nichols Hills,* 913 P. 2d 1303, 1309-10 (Okla. 1996). In contrast, however, if the plaintiff "asserted a cause of action in tort, or a parallel action as in *Tate*,[5] the plain language of the Act requires compliance with the notice provisions" of the GTCA.[6] *Id.*

In *Locke*, Judge Miles-LaGrange also held the notice requirements of the GTCA apply to *Burk* claimants asserting claims against political subdivisions. *Locke*, 2009 WL 1564221, at *2. Because the plaintiff in *Locke* asserted a tort claim, he was required to comply with the GTCA; he failed to do so, and the Court dismissed the claim. *Id.*

In her response brief, Plaintiff offers the same arguments rejected in the foregoing decisions, and the Court finds those arguments unpersuasive. The only new authority she submits in support of her contention that she was not required to comply with the GTCA notice requirements as to her *Burk* tort claims is an unpublished Oklahoma Court of Civil Appeals decision, *Sallee v. Oklahoma Department of Wildlife Conservation,* Case No. 107,697 (April 20, 2010)[7], decided after the decisions in *Prince* and *Locke*. Plaintiff argues that the appellate court in *Sallee* held the GTCA is not applicable to a *Burk* tort claim against a political subdivision, and her *Burk* claims against KIPP should not be dismissed on this basis.

---

[5] *Tate v. Browning-Ferris, Inc.*, 833 P. 2d 1218 (Okla. 1992). *Tate* involved the assertion of a tort claim pursuant to *Burk*.

[6] In this case, Plaintiff asserts the argument, rejected by Judge Friot in *Prince*, that the Oklahoma Supreme Court statement in *Duncan* is mere dicta which should be disregarded by this Court. The Court agrees with Judge Friot that, contrary to Plaintiff's interpretation, *Duncan* provides guidance on the issue asserted in this case, and should be considered by this Court.

[7] As Plaintiff acknowledges, the opinion in *Sallee* was withdrawn from publication by the Oklahoma Supreme Court on September 20, 2010; on that same date, however, the Oklahoma Supreme Court denied certiorari in *Sallee*.

The Court disagrees. The plaintiff in *Sallee* filed suit to allege a violation of the OADA, contending his employment was terminated because of age discrimination; he also asserted a *Burk* claim based on that contention. At issue was whether the statute of limitations had expired on his claim against the state agency which had employed him. Under the GTCA, he was required to present notice of his claim to the political subdivision within one year from date of the loss on which it was based. Okla. Stat. tit. 51 § 156(B). Pursuant to the GTCA, a claim not presented by notice within one year is "forever barred." *Id.* His claim arising under the OADA, however, was subject to a two-year statute of limitations. As discussed, *supra*, the Oklahoma Supreme Court in *Duncan* had held the GTCA one-year notice requirement did not apply to a statutory claim arising under the OADA, but stated that the GTCA notice requirement was applicable to a *Burk* tort claim asserted against a political subdivision. *Duncan*, 913 P. 2d at 1309-10. Although *Sallee* also found the GTCA inapplicable to a *Burk* tort claim based on discriminatory termination, the Court of Appeals expressly acknowledged its decision in that regard was "inconsistent" with *Duncan. Sallee,* Slip Opinion, at p. 10 n. 6.

Unlike the plaintiff in *Sallee*, Plaintiff in this case does not assert a statutory claim under the OADA. Her state law claims against KIPP are limited to tort claims based on *Burk. Sallee* is not dispositive here because decisions of a state's intermediate appellate courts are not binding on this Court. *Teigen v. Renfrow*, 511 F. 3d 1072, 1082 (10th Cir. 2007). This Court may consider an intermediate appellate decision as "some evidence" of how the Oklahoma Supreme Court would decide the issue. *Id.* However, the Court declines to do so in this case because *Sallee* is inconsistent with the Oklahoma Supreme Court's decision in *Duncan,* the most recent decision on this issue. As the Honorable Terence C. Kern determined in rejecting *Sallee*'s application, *Duncan* "remains

12

controlling Oklahoma Supreme Court precedent." *Wimberly v. Glanz*, 2010 WL 3210958, at *2 (N. D. Okla. Aug. 9, 2010) (unpublished opinion).

Accordingly, the Court agrees with the decisions in *Prince*, *Locke,* and *Wimberly* that compliance with the GTCA notice provision is required where a former employee asserts only a *Burk* tort claim against a political subdivision.

Plaintiff also argues that application of the GTCA to a plaintiff asserting a *Burk* tort based on the public policy embodied in the OADA violates Article V, § 46 of the Oklahoma Constitution because the Oklahoma Supreme Court has held that the OADA "created a unified class of persons who are the victims of handicap, race, gender, or age discrimination," and "equal remedies are required for all those persons" to avoid a violation of § 46.[8] *See Shirazi v. Childtime Learning Center, Inc.,* 204 P. 3d 75, 78 (Okla. 2009). According to Plaintiff, *Burk* claimants asserting public policy torts based on the OADA must be treated as a class entitled to equal remedies. Thus, Plaintiff contends § 46 is violated if persons asserting *Burk* tort claims against political subdivisions based on the public policy embodied in the OADA must comply with the GTCA while those asserting OADA discrimination claims against other defendants are not required to do so.

Judge Friot and Judge Miles-La Grange have expressly rejected this argument. As Judge Friot explained in *Prince*, the relevant "class" to consider in determining the GTCA's constitutionality is not persons claiming to be victims of employment discrimination based on the OADA. Instead, "[t]he relevant class for evaluating the constitutionality of the GTCA as applied here...is the class of individuals targeted by the GTCA." *Prince*, 2009 WL 2929341, at *3 (citing

---

[8]Pursuant to this provision, the legislature "shall not, except as otherwise provided in this Constitution, pass any local or special law" regulating the "practice or jurisdiction of" judicial proceedings. Okla. Const. Art. V, § 46.

*Glasco v. State ex rel. Oklahoma Department of Corrections*, 188 P. 3d 177, 185-86 (Okla. 2008)). That class consists of individuals who assert tort claims against governmental entities. "The GTCA requires all members of this class of claimants to file notice prior to asserting their tort claim against a state or a political subdivision. Thus, applying the GTCA to plaintiff's *Burk* tort claim does not offend Art. 5, § 46 of the Oklahoma Constitution." *Id.* Similarly, Judge Miles-LaGrange held "the class subject to the GTCA are governmental tort claimants," and "the GTCA treats all governmental tort claimants the same by requiring that they file a notice prior to asserting a tort claim against the state or its political subdivision." *Locke*, 2009 WL 1564221, at *3. This Court agrees, and finds no constitutional violation based on the GTCA notice requirement applicable to individuals asserting *Burk* torts against political subdivisions.

Plaintiff further argues that, even if a GTCA notice was required for her tort claims, her EEOC Charge of Discrimination is sufficient to constitute that notice. Again, the Court disagrees. The GTCA notice requirement is not designed merely to notify a political subdivision that a claim is being asserted; rather, the notice is required to provide the political subdivision with an opportunity to promptly investigate the claim, to assess any liability, and to communicate with the claimant regarding possible resolution before a lawsuit is filed. *Prince*, 2009 WL 2929341, at *3; *Locke,* 2009 WL 1564221, at *3. The GTCA thus requires the notice to contain very specific information regarding the amount of compensation or other relief demanded, and the name, address and telephone number of any agent authorized to settle the claim. *See* Okla. Stat. tit. 51 § 156(D). The GTCA written notice must be filed with the clerk of the governing body. *Id.* In contrast, an EEOC Charge of Discrimination does not require disclosure of the monetary relief or other remedy sought, nor does it contain the other details required by the GTCA. Thus, "notice to the EEOC does not constitute notice to the state or its political subdivision" under the GTCA. *Locke*, 2009 WL

1564221, at *3; *see also Sherry Baker v. City of Fairview*, No. CIV-09-0534-HE, Order [Doc. No. 17] at p. 3, n.3 (W.D. Okla. July 13, 2009) (slip opinion).

Finally, Plaintiff argues in the alternative that, if the Court rejects her contentions, it should certify this question to the Oklahoma Supreme Court. The Court does not find certification appropriate, as existing legal authority proves an adequate basis upon which to rule on Plaintiff's contentions. The Court thus agrees with Judge Friot that Plaintiff's request to certify the question should be denied. *Prince*, 2009 WL 2929341, at *4.

Accordingly, KIPP's Rule 12(b)(1) motion to dismiss the tort claims asserted against it is GRANTED. While Plaintiff seeks leave to amend to cure this deficiency, her argument in support states that she intends to plead that her Charge of Discrimination to the EEOC was sufficient to constitute the required GTCA notice. For the reasons set forth herein, leave to amend will not be authorized for that purpose. Amending to assert that contention would be futile because such amendment would be subject to dismissal, and a court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997) (citations omitted).

Furthermore, the record before the Court suggests the GTCA notice requirement deadlines cannot be satisfied by Plaintiff. Pursuant to the GTCA, the written notice of claim must be presented "within one (1) year of the date the loss occurs." Okla. Stat. tit. 51, § 156(B). "A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs." *Id.* According to her allegations, Plaintiff was terminated on February 9, 2009. Complaint, ¶ 5. The record suggests that Plaintiff has not filed a GTCA notice.

15

Given these circumstances, it appears that leave to amend to assert compliance with the GTCA notice requirement may properly be denied as futile.

Conclusion:

For the foregoing reasons, the Motion to Dismiss [Doc. No. 10] of Tracy McDaniel is GRANTED as to all claims asserted against him. The claims asserted against him in Counts I and II of the Complaint are dismissed, and leave to amend is not authorized because he is not liable as a matter of law on the claims asserted in those counts. Count III is also dismissed; however, leave to amend is granted.

KIPP's Motion to Dismiss [Doc. No. 11] the tort claims asserted against it in Counts I and II is GRANTED, as Plaintiff has failed to plead compliance with the GTCA notice requirement as to those claims. Plaintiff's request to amend her Complaint to plead compliance with the GTCA notice requirement is denied as futile because she seeks to rely on the filing of the EEOC Charge of Discrimination to satisfy the notice requirement.

Plaintiff's Amended Complaint shall be filed no later than 14 days from the date of this Order. Defendants shall respond in accordance with the deadlines in the Federal Rules of Civil Procedure. As a result of this ruling, Plaintiff's motion to strike Defendants' affirmative defenses [Doc. No. 28] is MOOT and is denied for that reason.

IT IS SO ORDERED this 6th day of May, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE